UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

        - v. -                   :

UBS SECURITIES JAPAN CO., LTD.,     :

        Defendant.              :

- - - - - - - - - - - - - - - - x

3:12cr268(RNC)

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the United States Department of Justice (the "Fraud Section"), and UBS SECURITIES JAPAN CO., LTD. ("defendant" or "UBS Securities Japan"), by and through its undersigned attorneys, and through its authorized representative, pursuant to authority granted by UBS Securities Japan's Board of Directors, hereby submit and enter into this plea agreement (the "Agreement"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.  The terms and conditions of this Agreement are as follows:

## The Defendant's Agreement

1.  UBS Securities Japan agrees to waive indictment and plead guilty to a one-count criminal Information filed in the District of Connecticut charging UBS Securities Japan with wire fraud, in violation of Title 18, United States Code, Sections

1343 and 2.  UBS Securities Japan further agrees to persist in that plea through sentencing and, as set forth below, to cooperate fully with the Fraud Section in its investigation into all matters related to the conduct charged in the Information.

2.   UBS Securities Japan understands and agrees that this Agreement is between the Criminal Division of the Department of Justice and UBS Securities Japan and does not bind any other division or section of the Department of Justice or any other federal, state, or local prosecuting, administrative, or regulatory authority.  Nevertheless, the Fraud Section will bring this Agreement and the cooperation of UBS Securities Japan, its direct or indirect affiliates, subsidiaries, and parent corporation, to the attention of other prosecuting authorities or other agencies, if requested by UBS Securities Japan.

3.   UBS Securities Japan agrees that this Agreement will be executed by an authorized corporate representative.  UBS Securities Japan represents that a resolution duly adopted by UBS Securities Japan's Board of Directors is attached to this Agreement as Exhibit 1 and represents that the signatures on this Agreement by UBS Securities Japan and its counsel are authorized by UBS Securities Japan's Board of Directors, on behalf of UBS Securities Japan.

4.   UBS Securities Japan agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

5.   UBS Securities Japan agrees to abide by all terms and obligations of this Agreement as described herein, including, but not limited to, the following:

     a.   to plead guilty as set forth in this Agreement;

     b.   to abide by all sentencing stipulations contained in this Agreement;

     c.   to appear, through its duly appointed representatives, as ordered for all court appearances, and obey any other ongoing court order in this matter;

     d.   to commit no further federal crimes;

     e.   to be truthful at all times with the Court;

     f.   to pay the applicable fine and special assessment; and

     g.   to work with its parent corporation, UBS AG, in fulfilling the obligations described in the undertakings given by UBS AG in connection with resolving investigations by the Department of Justice, the U.S. Commodity

Futures Trading Commission ("CFTC"), the Swiss Financial Market Supervisory Authority ("FINMA"), and the Japanese Financial Services Authority ("JFSA") attached to this Agreement as Exhibit 2.

6.   UBS Securities Japan agrees that in the event UBS Securities Japan sells, merges, or transfers all or substantially all of its business operations as they exist as of the date of this Agreement, whether such sale(s) is/are structured as a stock or asset sale, merger, or transfer, UBS Securities Japan shall include in any contract for sale, merger, or transfer a provision fully binding the purchaser(s) or any successor(s) in interest thereto to the obligations described in this Agreement.

7.   UBS Securities Japan agrees to continue to cooperate fully with the Fraud Section, the Federal Bureau of Investigation (the "FBI"), and any other law enforcement or government agency designated by the Fraud Section in a manner consistent with applicable law and regulations.  At the request of the Fraud Section, UBS Securities Japan shall also cooperate fully with foreign law enforcement authorities and agencies.  UBS Securities Japan shall, to the extent consistent with the foregoing, truthfully disclose to the Fraud Section all factual information not protected by a valid claim of attorney-client

4

privilege or work product doctrine protection with respect to the activities of UBS Securities Japan and its affiliates, its present and former directors, officers, employees, agents, consultants, contractors, and subcontractors, concerning all matters relating to (a) the manipulation of any benchmark interest rates, or (b) violations of United States laws concerning fraud or governing securities or commodities markets, about which UBS Securities Japan has any knowledge and about which the Fraud Section, the FBI, or any other law enforcement or government agency designated by the Fraud Section, or, at the request of the Fraud Section, any foreign law enforcement authorities and agencies, shall inquire.  This obligation of truthful disclosure includes the obligation of UBS Securities Japan to provide to the Fraud Section, upon request, any non-privileged or non-protected document, record, or other tangible evidence about which the aforementioned authorities and agencies shall inquire of UBS Securities Japan, subject to the direction of the Fraud Section.

8.   UBS Securities Japan agrees that any fine or restitution imposed by the Court will be due and payable within ten (10) business days of sentencing, and UBS Securities Japan will not attempt to avoid or delay payments.  UBS Securities Japan further agrees to pay the Clerk of the Court for the United

States District Court for the District of Connecticut the
mandatory special assessment of $400 within ten (10) business
days from the date of sentencing.

9.   UBS Securities Japan agrees that if the defendant
company, its parent corporation, or any of its direct or indirect
affiliates or subsidiaries issues a press release or holds a
press conference in connection with this Agreement, UBS
Securities Japan shall first consult with the Fraud Section to
determine whether (a) the text of the release or proposed
statements at any press conference are true and accurate with
respect to matters between the Fraud Section and UBS Securities
Japan; and (b) the Fraud Section has no objection to the release
or statement.  Statements at any press conference concerning this
matter shall be consistent with such a press release.

### The Fraud Section's Agreement

10.   In exchange for the guilty plea of UBS Securities
Japan and the complete fulfillment of all of its obligations
under this Agreement, the Fraud Section agrees it will not file
additional criminal charges against UBS Securities Japan or any
of its direct or indirect affiliates, or subsidiaries, relating
to (a) any of the conduct described in the Statement of Facts
attached as Appendix A to the Non-Prosecution Agreement dated
December 18, 2012 between the Fraud Section and UBS AG ("Appendix

A" to the "NPA"), or (b) information disclosed by UBS Securities
Japan or UBS AG to the Fraud Section prior to the date of this
Agreement relating to the manipulation of benchmark interest
rates.  This paragraph does not provide any protection against
prosecution for manipulation of interest rates or any scheme to
defraud counterparties to interest rate derivatives trades placed
on its behalf in the future by UBS Securities Japan or by any of
its officers, directors, employees, agents or consultants,
whether or not disclosed by UBS Securities Japan pursuant to the
terms of this Agreement.  This Agreement does not close or
preclude the investigation or prosecution of any natural persons,
including any officers, directors, employees, agents, or
consultants of UBS Securities Japan, who may have been involved
in any of the matters set forth in the Information, Appendix A,
or in any other matters.

### Factual Basis

11.  UBS Securities Japan is pleading guilty because it
is guilty of the charge contained in the Information.  UBS
Securities Japan admits, agrees, and stipulates that the factual
allegations set forth in the Information are true and correct,
that it is responsible for the acts of its present and former
officers and employees described in the Factual Basis For Plea
attached hereto and incorporated herein as Exhibit 3, and that

Exhibit 3 accurately reflects UBS Securities Japan's criminal conduct.

### UBS Securities Japan's Waiver of Rights,
### Including the Right to Appeal

12.   Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn.  UBS Securities Japan expressly warrants that it has discussed these rules with its counsel and understands them.  Solely to the extent set forth below, UBS Securities Japan voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.  Specifically, UBS Securities Japan understands and agrees that any statements that it makes in the course of its guilty plea or in connection with the Agreement are admissible against it for any purpose in any U.S. federal criminal proceeding if, even though the Fraud Section has fulfilled all of its obligations under this Agreement and the Court has imposed the agreed-upon sentence, UBS Securities Japan nevertheless withdraws its guilty plea.

13.  UBS Securities Japan knowingly, intelligently, and voluntarily waives its right to appeal the conviction in this case.  UBS Securities Japan similarly knowingly, intelligently, and voluntarily waives the right to appeal the sentence imposed by the Court.  In addition, UBS Securities Japan knowingly, intelligently, and voluntarily waives the right to bring any collateral challenge, including challenges pursuant to Title 28, United States Code, Section 2255, challenging either the conviction, or the sentence imposed in this case, including a claim of ineffective assistance of counsel.  UBS Securities Japan waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this Agreement is signed in the event that: (a) the conviction is later vacated for any reason; (b) UBS Securities Japan violates this Agreement; or (c) the plea is later withdrawn, provided such prosecution is brought within one year of any such vacation of conviction, violation of agreement, or withdrawal of plea plus the remaining time period of the statute of limitations as of the date that this Agreement is signed.  The Fraud Section is free to take any position on appeal or any other post-judgment matter.

**Penalty**

14.   The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1343, if the violation affects a financial institution, is a fine of $1 million or twice the gross pecuniary gain or gross pecuniary loss resulting from the offense, whichever is greatest, Title 18, United States Code, Section 3571(c)(3), (d); five years' probation, Title 18, United States Code, Section 3561(c)(1); and a mandatory special assessment of $400, Title 18, United States Code, Section 3013(a)(2)(B).

**Sentencing Recommendation**

15.   Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the Fraud Section and UBS Securities Japan have agreed to a specific sentence of a fine in the amount of $100 million and a special assessment of $400.  The Parties agree that this $100 million fine and the $400 special assessment shall be paid to the Clerk of Court, United States District Court for the District of Connecticut, within ten (10) business days after sentencing.  The Fraud Section and UBS Securities Japan have agreed that all or a portion of the fine may be paid by one or more related UBS entities, including UBS Securities Japan's parent company, UBS AG, on behalf of UBS Securities Japan, consistent with UBS policy and practice.  UBS Securities Japan acknowledges that no tax

10

deduction may be sought in connection with the payment of this $100 million fine.

16.  The parties further agree, with the permission of the Court, to waive the requirement of a Pre-Sentence Investigation report pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii), based on a finding by the Court that the record contains information sufficient to enable the Court to meaningfully exercise its sentencing power.  The parties agree, however, that in the event the Court orders the preparation of a pre-sentence report prior to sentencing, such order will not affect the agreement set forth herein.

17.  For purposes of sentencing, including but not limited to the Court's consideration of the penalty set forth and proposed in Paragraph 15 above, UBS Securities Japan admits, agrees, and stipulates that the statements set forth in the Statement of Facts attached hereto and incorporated herein as Exhibit 4 are true and correct, that it is responsible for the acts of its present and former officers and employees described in Exhibit 4, and that Exhibit 4 accurately reflects UBS Securities Japan's offense conduct.

18.  This agreement is presented to the Court pursuant to Fed. R. Crim. P. 11(c)(1)(C).  UBS Securities Japan understands that, if the Court rejects this Agreement, the Court

must: (a) inform the parties that the Court rejects the Agreement; (b) advise UBS Securities Japan's counsel that the Court is not required to follow the Agreement and afford UBS Securities Japan the opportunity to withdraw its plea; and (c) advise UBS Securities Japan that if the plea is not withdrawn, the Court may dispose of the case less favorably toward UBS Securities Japan than the Agreement contemplated.  UBS Securities Japan further understands that if the Court refuses to accept any provision of this Agreement, except paragraph 16 above, neither party shall be bound by the provisions of the Agreement.

19.  In the event the Court directs the preparation of a Pre-Sentence Investigation report, the Fraud Section will fully inform the preparer of the pre-sentence report and the Court of the facts and law related to UBS Securities Japan's case.  Except as set forth in this Agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

### Breach of Agreement

20.  UBS Securities Japan agrees that if it breaches this Agreement, commits any federal crime between the date of this Agreement and the expiration of the NPA, or has provided or provides deliberately false, incomplete, or misleading information in connection with this Agreement, the Fraud Section

12

may, in its sole discretion, characterize such conduct as a breach of this Agreement.  In the event of such a breach, (a) the Fraud Section will be free from its obligations under the Agreement and may take whatever position it believes appropriate as to the sentence; (b) UBS Securities Japan will not have the right to withdraw the guilty plea; (c) UBS Securities Japan shall be fully subject to criminal prosecution for any other crimes that it has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Fraud Section will be free to use against UBS Securities Japan, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by UBS Securities Japan pursuant to this Agreement, as well as the admitted Factual Basis For Plea and the Statement of Facts attached as Exhibits 3 and 4, respectively.

21.  In the event of a breach of this Agreement by UBS Securities Japan, if the Fraud Section elects to pursue criminal charges, or any civil or administrative action that was not filed as a result of this Agreement, then:

    b. UBS Securities Japan agrees that any applicable statute of limitations is tolled between the date of UBS Securities Japan's signing of this Agreement and the discovery

by the Fraud Section of any breach by UBS

Securities Japan plus one year; and

c.   UBS Securities Japan gives up all defenses

based on the statute of limitations (as

described in Paragraph 13), any claim of

pre-indictment delay, or any speedy trial

claim with respect to any such prosecution or

action, except to the extent that such

defenses existed as of the date of the

signing of this Agreement.

14

## Complete Agreement

22.   This document states the full extent of the agreement between the parties.  There are no other promises or agreements, express or implied.  Any modification of this Agreement shall be valid only if set forth in writing in a supplemental or revised plea agreement signed by all parties.

**AGREED:**

**FOR UBS Securities Japan Co., Ltd.:**


Date: Dec 19, 2012        By: _____
                              Abby S. Meiselman, Esq.
                              Head of Litigation for
                              the Americas Investment Bank


Date: Dec 19, 2012        By: _____
                              Gary R. Spratling, Esq.
                              David P. Burns, Esq.
                              Gibson, Dunn & Crutcher LLP

15

**FOR THE DEPARTMENT OF JUSTICE, CRIMINAL DIVISION, FRAUD SECTION:**

DENIS J. McINERNEY
Chief, Fraud Section
Criminal Division
United States Department of Justice

Date: Dec. 19, 2012          By: _____
                                  Daniel A. Braun
                                  Deputy Chief, Fraud Section

                                  Luke B. Marsh
                                  Trial Attorney, Fraud Section

16

## CORPORATE REPRESENTATIVE'S CERTIFICATE

I have read this Agreement and carefully reviewed every part of it with outside counsel for UBS SECURITIES JAPAN CO., LTD. ("UBS Securities Japan"). I understand the terms of this Agreement and voluntarily agree, on behalf of UBS Securities Japan, to each of its terms. Before signing this Agreement, I consulted outside counsel for UBS Securities Japan. Counsel fully advised me of the rights of UBS Securities Japan, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me, or to my knowledge any person authorizing this Agreement on behalf of UBS Securities Japan, in any way to enter into this Agreement. I am also satisfied with outside counsel's representation in this matter. I certify that I have been duly authorized by UBS Securities Japan to execute this Agreement on behalf of UBS Securities Japan.

Date: December 19, 2012

UBS SECURITIES JAPAN CO., LTD.

By: _____
Abby S. Meiselman, Esq.
Americas Head of Litigation
for the Investment Bank

## CERTIFICATE OF COUNSEL

I am counsel for UBS SECURITIES JAPAN CO., LTD. ("UBS Securities Japan") in the matter covered by this Agreement. In connection with such representation, I have examined relevant UBS Securities Japan documents and have discussed the terms of this Agreement with UBS Securities Japan's Board of Directors. Based on our review of the foregoing materials and discussions, I am of the opinion that the representative of UBS Securities Japan has been duly authorized to enter into this Agreement on behalf of UBS Securities Japan and that this Agreement has been duly and validly authorized, and when executed and delivered on behalf of UBS Securities Japan it will be a valid and binding obligation of UBS Securities Japan. Further, I have carefully reviewed the terms of this Agreement with the Board of Directors and the legal counsel of UBS Securities Japan. I have fully advised them of the rights of UBS Securities Japan, of possible defenses, of the Sentencing Guidelines' provisions and of the consequences of entering into this Agreement. To my knowledge, the decision of UBS Securities Japan to enter into this Agreement, based on the authorization of the Board of Directors, is an informed and voluntary one.

Date: December 19, 2012      By: _____

Gary R. Spratling, Esq.
Gibson, Dunn & Crutcher LLP
Attorney for UBS Securities
Japan Co., Ltd.